**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAKIA PETTUS, | No. 10-17676 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00741-CRB |
| v. | |
| U.S. BUREAU OF PRISONS and D. SMITH, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Federal prisoner Nakia Pettus appeals pro se from the district court's

dismissal and summary judgment in his action under *Bivens v. Six Unknown*

*Federal Narcotics Agents*, 403 U.S. 288 (1971).  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C.§ 1915A(a), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and the grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Pettus's access-to-courts claim against all defendants because Pettus failed to allege an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (requiring actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim).

The district court properly granted summary judgment on Pettus's deliberate indifference claims against defendant Smith because Pettus failed to raise a genuine dispute of material fact that defendant participated in, directed, or failed to prevent a serious risk of harm to Pettus's personal safety or mental health. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("officials may not be held liable for the unconstitutional conduct of their subordinate under a theory of *respondeat superior*"); *cf. Hedrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (supervisor is liable under 42 U.S.C. § 1983 for the constitutional violations of subordinates if the supervisor participated in, directed, or failed to prevent them).

Pettus's remaining contentions are unpersuasive.

**AFFIRMED.**